IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN RANAE ANAYA, | CASE NO. CV F 09-1191 LJO DLB |
| Plaintiff, | **ORDER ON MOTION TO DISMISS** |
| v. | |
| ADVISORS LENDING GROUP, et al., | |
| Defendants. / | |

## INTRODUCTION

Defendants Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated as of May 1, 2007, Securitized Asset Backed Receivables LLC Trust 2007-BR-4, Mortgage Pass-through Certificates, Series 2007-BR4 ("Deutsche Bank, as Trustee") seeks to dismiss plaintiff Joan Ranae Anaya's ("Ms. Anaya" or "plaintiff") claims arising from non-judicial foreclosure of her home. Ms. Anaya did not file any opposition to oppose dismissal of her claims against Deutsche Bank, as Trustee.  This Court considered defendant's F.R.Civ.P. 12(b)(6) motion on the record, and VACATES the August 13, 2009 hearing, pursuant to Local Rule 78-230©, (h).  For the reasons discussed below, this Court DISMISSES this action against defendant Deutsche Bank, as Trustee.

## BACKGROUND

### Ms. Anaya's Home Loan And Default

On February 1, 2007, Ms. Anaya executed a $308,750.00 promissory note ("promissory note") for her Bakersfield home ("property").  The loan was secured by a deed of trust ("DOT") encumbering

1

the property and recorded on February 16, 2007.¹  The DOT identifies Ms. Anaya as the borrower, Advisors Lending Group as the lender, and Financial Title as the trustee.

A Notice of Default and Election to Sell Under Deed of Trust ("NOD") for the DOT was recorded on December 16, 2008.  The NOD indicates that as of December 22, 2008, Ms. Anaya was $12,019.07 in arrears.  The NOD further instructs Ms. Anaya to contact Deutsche Bank, as Trustee to arrange for payment to stop foreclosure.  The foreclosure was scheduled for April 6, 2009.

## Ms. Anaya's Claims

On February 6, 2009, Ms. Lopez filed in Kern County Superior Court her complaint ("complaint") to allege:

1. A (first) declaratory relief cause of action that defendants are prohibited to enforce her loan documents and to proceed with non-judicial foreclosure;
2. A (second) cause of action for fraud in the loan transaction;
3. A (third) cause of action for tortious violation of Real Estate Settlement Procedures Act ("RESPA");
4. A (fourth) reformation cause of action that Ms. Anaya was unable to pay the loan which was known to defendants;
5. A (fifth) quiet title cause of action that defendants' assertion of right or interest in the property is void and unenforceable at law or in equity;
6. A (sixth) unfair business practices cause of action that Deutsche Bank, as Trustee engaged in unfair business practices in violation of Cal.Bus.Prof. §17200;
7. A (seventh) damages cause of action purusuat to Calfiornia Civil Code §2923.6 for failure to modify the loan;
8. An (eighth) cause of action for violation of the state and federal Fair Debt Collection Practices Act.
9. A (ninth) cause of action for violation of Civil Code §1572for actual fraud.
10. A (tenth) cause of action for injunctive relief.

---

¹ All documents pertaining to Ms. Anaya's loan and default were recorded with the Kern County Recorder.

2

The complaint seeks declaratory relief, cancellation of the NOD and trustee's sale notice, a temporary restraining order to bar further non-judicial foreclosure, quieting title to Ms. Anaya's property, damages, and attorney fees.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

Pursuant to F.R.Civ.P. 12(b)(6), defendant attacks Ms. Anaya's claims as a attempt to evade her loan obligations. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

1  formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550
2  U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  Moreover, a court "will dismiss
3  any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently
4  all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629,
5  634 (S.D. Cal. 1998).

6        A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v.*
7  *Williams*, 490 U.S. 319, 325, 109 S.Ct 1827 (1989).  A frivolous claim is based on an inarguable legal
8  conclusion or a fanciful factual allegation. *Neitzke*, 490 U.S. at 324.  A federal court may dismiss a
9  claim as frivolous where it is based on an indisputably meritless legal theory or where the factual
10 contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

11       For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the
12 complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).
13 Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d
14 at 1162, n. 2.  In addition, a "court may consider evidence on which the complaint 'necessarily relies'
15 if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)
16 no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450
17 F.3d 445, 448 (9th Cir. 2006).  A court may treat such a document as "part of the complaint, and thus
18 may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United*
19 *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).  Such consideration prevents "plaintiffs from
20 surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their
21 claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  A "court may disregard
22 allegations in the complaint if contradicted by facts established by exhibits attached to the complaint."
23 *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning*
24 *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).  Moreover, "judicial notice may be taken
25 of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v.*
26 *Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los*
27 *Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  As such, this Court may consider Ms. Anaya's pertinent loan
28 documents.

**First Cause of Action for Declaratory Relief**

Defendant faults the declaratory relief claim for failure to articulate the prospective relief she seeks or the controversy which exists.

Since defendant removed Ms. Anaya's action from state court, her declaratory relief claim is subject to evaluation under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. The DJA and its 28 U.S.C. § 2201(a) provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994).

As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512 (1941). The United States Supreme Court has further explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

The gist of the declaratory relief claim is that the parties differ whether defendant may pursue non-judicial foreclosure based on what Ms. Anaya characterizes as inadequate loan disclosures. Defendant contends that the declaratory relief claim is inadequate for failure to identify the controversy between the parties arising from alleged violation of federal loan statutes. This Court construes defendant's argument to the effect that there is no actual controversy subject to declaratory relief in that Ms. Anaya's potential relief lies elsewhere. A declaratory relief action "brings to the present a litigable

controversy, which otherwise might only be tried in the future." *Societe de Conditionnement v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981).

Indeed, the key problem is that the declaratory relief claim fails to articulate what declaration Ms. Anaya seeks. It merely points to a controversy regarding foreclosure of the property. Without more, this Court is unable to ascertain an actual controversy subject to declaratory relief. This Court construes Ms. Anaya's absence of timely opposition as her concession that her declaratory relief claim fails. As such, the (first) declaratory relief cause of action is subject to dismissal.

## **Second Cause of Action for Fraud**

Deutsche Bank, as Trustee, argues that plaintiff fails to meet the heightened pleading standards because she fails to allege any particularities of the transaction.

A court may dismiss a claim grounded in fraud when its allegations fail to satisfy F.R.Civ.P. 9(b)'s heightened pleading requirements. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A motion to dismiss a claim "grounded in fraud" under F.R.Civ.P. 9(b) for failure to plead with particularity is the "functional equivalent" of a F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim. *Vess*, 317 F.3d at 1107. As a counter-balance, F.R.Civ.P. 8(a)(2) requires from a pleading "a short and plain statement of the claim showing that the pleader is entitled to relief."

F.R.Civ.P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation

6

> as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged); *Neubronner*, 6 F.3d at 672 ("complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity"). This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 501 U.S. 1094 (1992).

The Deutsche Bank, as Trustee raises valid points regarding the absence of specific allegations to support the (second) fraud cause of action. This Court agrees with the Deutsche Bank, as Trustee that the complaint lacks sufficient details of alleged fraud to permit Deutsche Bank, as Trustee to adequately defend the fraud claim. The complaint identifies no personnel or representatives of Deutsche Bank, as Trustee who allegedly committed fraud. The time, place and specific nature of fraudulent activities and benefits are missing. The complaint's conclusory allegations fail to satisfy F.R.Civ.P. 9(b) to support a fraud cause of action. In light of the lack of opposition to the motion, the Court construes that the claim cannot be amended to state a claim. As such, the fraud cause of action is subject to dismissal.

### Third Cause of Action for Tortious Violation of RESPA

The third cause of action alleges that "defendant . . .violated both the terms and the spirit of section 12 U.S.C. section 2601 . . ." Defendant argues that plaintiff's RESPA claim fails because it is based on conclusory allegations and is time barred.

The Real Estate Settlement Procedures Act ("RESPA," 12 U.S.C. § 2601 et seq.) requires uniformity in a real estate closing (or "settlement") statement. Its general purpose is to ensure that home buyers are given full and timely information on the nature and costs of the closing process; and, more specifically, to (a) eliminate "kickbacks" or "referral fees" that tend to unnecessarily increase settlement

costs (see 12 U.S.C. § 2607), (b) reduce the amounts home buyers are required to place in escrow to ensure the payment of real estate taxes and insurance (see 12 U.S.C. § 2609), and ( c) reform and modernize local record-keeping of land title information (see 12 U.S.C. § 2611). 12 U.S.C. § 2601(a) & (b).

The complaint's reliance on RESPA is unsupported in the absence of allegations of "improper kickbacks" and a private right of action under RESPA disclosure requirements. *See Bloom v. Martin*, 865 F.Supp. 1377, 1384-1385 (N.D. Cal. 1994), *aff'd*, 77 F.3d 318 (1996) (there is no private right of action under Section 4 of RESPA for the disclosure claim). Moreover, a RESPA claim, for kickbacks, is susceptible to the one-year limitations period of 12 U.S.C. § 2614(a). The claim is time barred in that Ms. Anaya filed the complaint more than two years after the February 3, 2007 loan transaction. Accordingly, the cause of action is subject to dismissal.

### Fourth Cause of Action for Reformation

Defendant argues that the reformation claim fails because plaintiff fails to allege any underlying fraud and because plaintiff pleads that "no agreement" was ever established. (Complaint ¶152.)

Generally, a party who agrees to a contract is bound by its provisions and cannot complain of unfamiliarity with its terms. *Madden v. Kaiser Found. Hosps.*, 17 Cal.3d 699, 710, 131 Cal.Rptr. 882, 889 (1976). Reformation lies when, through the parties' fraud or mistake, or one party's unilateral mistake which the other party at the time knew or suspected, the written contract does not truly express the parties' mutual intent. Civ.Code § 3399; *Jones v. First American Title Ins. Co.*, 107 CA4th 381, 389, 131 CR2d 859, 864 (2003) (essential purpose of reformation is to reflect parties' intent). If, because of fraud or mistake, the written contract "does not truly express the written intent of the parties," it may be reformed (revised) on one party's application ... so long as this can be done without prejudice to rights acquired by third party bona fide purchaser. *See Civ.Code* § 3399; *Demetris v. Demetris*, 125 Cal.App.2d 440, 443, 270 P.2d 891, 893 (1954). Reformation of a contract for fraud may occur where one party fraudulently misrepresents to the other the meaning of the contract or that the contents of the written contract conform with the parties' intended agreement. *National Auto. & Cas. Ins. Co. v. Industrial Acc. Comm'n*, 34 Cal.2d 20, 22–25, 206 P.2d 841, 843–844 (1949).

Plaintiff has not adequately alleged grounds for reformation. Plaintiff relies upon fraudulent

misrepresentations but fails to allege the fraudulent conduct by defendant Deutsche Bank, as Trustee. Plaintiff alleges she financed a loan but "defendant did not disclose the terms and conditions for repayment, interest, annual percentage rate . . . and plaintiff was not informed at any time what the terms and conditions were." Plaintiff alleges she executed the loan documents and deed of trust. She does not allege the matters upon which reformation is sought. Reformation is not a remedy to extricate either party from a "bad deal." Upon a showing of sufficient grounds, the court may revise the contract to conform it to the parties' original intent; but courts do not have the power to create a new contract where there is no evidence the parties reached a mutual understanding on the essential terms. *Hess v. Ford Motor Co.*, 27 Cal.4th 516, 524, 117 Cal.Rptr.2d 220, 226–227 (2002).

Ms. Anaya has failed to allege the underlying fraud in the action and therefore the claim will be dismissed.

### Fifth Cause of Action for Quiet Title

Defendants fault the (fifth) quiet title cause of action as lacking necessary elements.

California Code of Civil Procedure section 760.010 provides for an action "to establish title against adverse claims to real or personal property or any interest therein." California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include:

1. A legal description and street address of the subject real property;
2. The title of plaintiff as to which determination is sought and the basis of the title;
3. The adverse claims to the title of the plaintiff against which a determination is sought;
4. The date as of which the determination is sought; and
5. A prayer for the determination of the title of the plaintiff against the adverse claims.

Defendants correctly note that the complaint is not verified. For this reason alone, the claim to quiet title fails. Moreover, the quiet title claim is unclear and lacks necessary elements. The quiet title claim merely attacks the foreclosure process and does not address a legitimate title dispute.

### Sixth Cause of Action for Violation of Bus.&Prof. Code §17200

Plaintiff's sixth claim is entitled "violation of Business and Professions Code section 17200." However, the Plaintiff's complaint fails to identify or allege any violations of Business and Professions Code § 17200. (Doc. 1, Complaint ¶¶ 165-170). Instead, Plaintiff simply sets forth a list of damages she

believes she suffered and that she is entitled to receive. (Doc. 1, Complaint ¶¶ 166-168). Plaintiff's Business and Professions Code claim must be dismissed because it does not explain the conduct that was allegedly in violation of the statute, nor does is set forth the individuals responsible or the specific statutory sections that were violated.

### Seventh Cause of Action for Violation of Civ.Code §2923.6

Deutsche Bank, as Trustee argues that the claim must be dismissed because plaintiff is not owed a duty to modify the terms of loan. Moreover, there is no authority that plaintiff has a private right of action under this statute.

California Civil Code section 2923.5 ("section 2923.5") requires a lender or its agent to attempt to contact a defaulted borrower prior to foreclosure. Section 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."

Deutsche Bank, as Trustee, notes the misstatement of the law that Section 2923.5 requires acceptance of a loan modification. Indeed, the statutory language does not require an offer or an acceptance of a modification of a loan. Civ.Code §2923.6 ("It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.") The statute does not require a lender to accept a loan modification. Further, there is no private right of action. "A statute creates a private right of action only if the enacting body so intended." *Grodensky v. Artichoke Joe's Casino*, 171 Cal.App.4th 1399, 1420, 91 Cal.Rptr.3d 732 (2009). The statute here does not suggest that there is a private right of action. Deutsche Bank, as Trustee is correct that the claim lacks sufficient allegations for a viable claim.

### Eighth Cause of Action for Unfair Fair Debt Collection

Deutsche Bank, as Trustee argues plaintiff draws no distinction between Defendants, nor does she allege any specific facts regarding what conduct constituted the alleged violations. Deutsche Bank,

10

as Trustee also argues that the a residential mortgage loan does not qualify as a debt under the statute and that the RFDCPA or FDCPA only applies to debt collector.

Fair Debt Collections Practice Act ("FDCPA"), 26 U.S.C. § 1692 and the Rosenthal Fair Debt Collections Act ("R-FDCPA"), California Civil Code § 1788 prohibit debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices. *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). The R-FDCPA incorporates the majority of the FDCPA. Cal. Civ.Code § 1788.17. The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985). To be liable for a violation of the FDCPA or the R-FDCPA, the defendant must be a "debt collector" within the meaning of the Acts. *Heintz*, 514 U.S. at 294; Cal. Civ.Code § 1788.2(c). The FDCPA defines a debt collector as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" does not include a person who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. 1962a(6)(F). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry*, 756 F.2d at 1208.

Even if Deutsche Bank, as Trustee was a debt collector, "foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002). As the fellow district court in *Hulse*, 195 F.Supp.2d at 1204, explained:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.
>
> . . . Foreclosure by the trustee is not the enforcement of the obligation because it is not an attempt to collect funds from the debtor.

The complaint does not, and is unable under the stated facts, to allege a fair debt collection act

claim.

## Ninth Cause of Action for Actual Fraud pursuant to Civ.Code 1572

Plaintiffs ninth cause of action alleges "actual fraud" pursuant to Cal.Civ.Code §1572.

Section 1572 provides that "Actual fraud . . . consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract." As a claim alleging fraud, the circumstances constituting fraud or mistake shall be stated "with particularity." Fed.R.Civ.P. 9(b). As stated above, this heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmtv Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991), *cert. denied*, 501 U.S. 1094 (1992).

The same factual deficiencies that exist as to the second claim for fraud also exists here. Plaintiff fails to name the persons responsible for making the allegedly fraudulent statements, and does not state when and where those statements were made. Further, the Complaint does not allege how Deutsche Bank, As Trustee could be liable. Plaintiff has not satisfied the required heightened pleading standard and her claim must be dismissed.

## Injunctive Relief

Deutsche Bank, as Trustee challenges the (tenth) injunctive relief cause of action to assert a remedy, not a cause of action. Deutsche Bank, as Trustee argues the request must be denied because the boilerplate allegation in the complaint are factually and legally insufficient to warrant injunctive relief. Further, plaintiff does not allege she tendered the amount owed on the loan.

"Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen v. American Sav.& Loan* , 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). As such, Deutsche Bank, as Trustee argues that to enjoin a foreclosure sale due to non-judicial foreclosure defects, the trustor must in good faith tender amounts to cure the default. *See Karlsen*, 15 Cal.App.3d at 117.

Defendant correctly notes the complaint's absence of allegations of a tender to cure defaults and that the injunctive relief claim is premised on prior defective claims to render it likewise defective and

subject to dismissal.

Plaintiff does not deny that she is in default on her home loan. Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure.

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495.) Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect. *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing several cases).

Plaintiff's inability to make monthly promissory note payments reflects inability to tender amounts owed to bar her claims and requested relief. Plaintiff neither pleads nor offers anything to suggest a tender to pay her debt. Setting aside foreclosure is useless to render plaintiff's claims meritless and subject to dismissal.

### **Standing To Foreclose**

The complaint alleges that Deutsche Bank, as Trustee lacks standing to foreclose in absence of possession of the original contract of the alleged transaction. It is Plaintiff's contention that without the original note, Deutsche Bank, as Trustee does not have standing in this court.

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440, 129 Cal.Rptr.2d 436 (2003). The California Court of Appeal has explained non-judicial foreclosure under California Civil Code sections 2924-2924l:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d (1994).

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777. An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

**CONCLUSION**

For the reasons discussed above, this Court:

1. DISMISSES this action with prejudice against Deutsche Bank, as Trustee;
2. DIRECTS the clerk to enter judgment in favor of defendant Deutsche Bank, as Trustee and against plaintiff Joan Ranae Anaya; and
3. ORDERS Ms. Anaya, no later than August 13, 2009, to file papers to show cause why

this Court should not dismiss this action against defendants Advisors Lending Group, Financial Title Company, and TD Service Company.

**This Court ADMONISHES Ms. Anaya that this Court will dismiss this action against defendants Advisors Lending Group, Financial Title Company, and TD Service Company if she fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss these defendants.**

IT IS SO ORDERED.

**Dated:   August 3, 2009**                             /s/ Lawrence J. O'Neill
                                                                          UNITED STATES DISTRICT JUDGE